UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

        Plaintiff

v.

ELAINE J. MARIGSA,

        Defendant.

Case No.: 3:23-cv-00387

## COMPLAINT

North American Company for Life and Health Insurance ("North American" or the "Company"), by and through undersigned counsel, seeks a judicial declaration rescinding a life insurance policy issued to Elaine Joy Marigsa ("Marigsa") or, alternatively, declaring that policy to have never been in force or effect, and states:

### Introduction

1. North American brings this action to obtain a judicial declaration rescinding, or otherwise declaring to be of no force or effect, a $900,000 policy issued to Marigsa insuring her life (the "Policy"). Marigsa misrepresented and omitted information about her medical history that was material to North American's decision to issue the Policy; it would not have issued the Policy had Marigsa provided accurate and complete information as required by the application for the Policy. Marigsa's medical circumstances also, and alternatively, resulted in the failure of a contractual condition precedent to the Policy taking effect.

### JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

1

3. North American is an Iowa corporation with its principal place of business in West Des Moines, Iowa, and thus is a citizen of the State of Iowa. North American has at all times material to this action been duly licensed and authorized to conduct insurance operations in the state of Florida and within this judicial district.

4. Based on the information provided by Marigsa and confirmed by North American's investigation, Marigsa is and was at all times material to this action an individual citizen of the State of Florida, residing at 170 Lost Lake Drive, Saint Augustine, Florida 32086.

5. Since this matter seeks judicial confirmation that no valid contract of insurance was ever in force, and alternatively, seeks judicial rescission of the $900,000 Policy at issue, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district because Marigsa lives in this judicial district, the Policy was applied for in Florida within this judicial district, and North American issued the Policy to Marigsa in Florida within this judicial district.

## FACTUAL BACKGROUND

7. North American has contracted with Bestow Agency, LLC, a company providing an automated online insurance application portal. North American uses this portal to process applications for life insurance.

8. The online portal applies North American's automated underwriting standards to the facts disclosed by the applicant in the application to instantly determine whether and on what terms to issue the requested insurance coverage.

9. Marigsa accessed this portal and completed an online application for the Policy on April 6, 2021 (the "Application").

10. Among other questions posed to Marigsa in the Application, Question 10 asked, "In the past 12 months, has a medical professional advised you to have: (select all that apply)."

Marigsa did not mark "Surgery" or "Any test or procedure (other than for HIV)," and instead marked "none of the above."

11. Question 13 of the Application asked, "In the past 10 years, have you been diagnosed or treated by a medical professional for: (select all that apply)." Marigsa did not mark "cancer" or "chest pain," and instead marked "none of the above."

12. Question 16 of the Application asked Marigsa, "Are you currently admitted to a: (select all that apply)." Marigsa did not mark "Hospital," and instead marked "none of the above."

13. In the Application, Marigsa agreed to the following contractual condition precedent for the creation of a valid contract and the issuance of any life insurance coverage:

> Any insurance issued . . . will not take effect until the full first premium is paid and the contract is delivered to and accepted by the Owner during the lifetime of any person proposed for insurance and while such person is in the . . . state of health described in all parts of this application.

14. In the Application, Marigsa also agreed to the following declaration of the veracity of her responses:

> Statements and answers in this application, including statements by the Proposed Insured in any medical questionnaire or supplement that become part of this application, are complete and true to the best knowledge and belief of the undersigned … The undersigned FURTHER AGREES to immediately advise the Company[] … of any change to any of the responses contained in the application, including any change in the health or habits of any Proposed insured, that arise or is discovered after completing this application, but before the policy is effective, as defined herein.

15. Reasonably and justifiably relying upon the truth and accuracy of Marigsa's answers and factual representations in the Application, including her denial of chest pain treatment, cancer diagnosis and treatment in the prior ten years, and her denial that she was hospitalized at the time of her application, North American approved Marigsa's request for life insurance coverage and issued the Policy to Marigsa.

16. On April 6, 2021, Marigsa accepted electronic delivery of the Policy, which included a copy of the Application. As a part of completing and submitting the Application, Marigsa also entered her credit card information and paid the first premium for the requested coverage.

17. After issuing the Policy, North American conducted a quality control audit, which included requesting and reviewing Marigsa's medical records.

18. North American discovered in this audit that Marigsa was admitted to the hospital from April 2, 2021 to April 3, 2021. Marigsa, who worked at the inpatient laboratory at Flagler Hospital, ran a D-Dimer blood test on herself without an order, which found elevated levels of D-Dimer, which is a protein fragment from the breakdown of a blood clot. Marigsa was also experiencing chest pain and abdominal pain, so after receiving her results she went to the emergency room for further evaluation. After Marigsa was admitted to the hospital, she underwent CT scans of her chest and abdomen that revealed a very large cystic pelvic mass and bilateral pulmonary embolisms. The cystic mass was tested and identified to be cancerous.

19. North American also discovered during the audit that Marigsa had been hospitalized for chest pains and for the further treatment of cancer on April 5, 2021, the day prior to Marigsa completing her application for life insurance from North American.

20. North American also discovered during the audit that Marigsa was again hospitalized from April 5, 2021 through April 7, 2021, meaning that she was hospitalized when she submitted the Application on April 6, 2021.

21. Marigsa knew and believed these facts and circumstances when she completed the Application.

22. If Marigsa had disclosed her hospitalization and treatment for chest pain in the days prior to her Application, as required by the questions in the Application, North American would not have issued the requested coverage to her. Instead, the Application would have been rejected based on North American's underwriting standards programmed into the online application facility.

23. If Marigsa had disclosed her diagnosis and treatment for cancer in the days prior to and the day of her Application, as required by the questions in the Application, North American would not have issued the requested coverage to her. Instead, the Application would have been rejected based on North American's underwriting standard programmed into the online application facility.

24. If Marigsa had disclosed that she was hospitalized at the time of her application, as required by the questions in the Application, North American would not have issued the requested coverage to her. Instead, the Application would have been rejected based on North American's underwriting standard programmed into the online application facility.

25. If Marigsa had disclosed that she had been advised to have surgeries, tests, or procedures that were still outstanding, as required by the questions in the Application, North American would not have issued the requested coverage to her. Instead, the Application would have been rejected based on North American's underwriting standard programmed into the online application facility.

26. On March 9, 2023, North American mailed and emailed a letter to Marigsa to the mailing and email addresses she provided to the Company. This letter advised her of the Company's discovery of her material misrepresentations and omission and asked her to consent to rescission. North American invited Marigsa to supply the Company with facts and documents

supporting her contention if she believed the Company's factual basis for rescission was inaccurate. Finally, North American advised Marigsa in this letter that if she did not intend to challenge the factual grounds for rescission, she should not pay any further premiums on the Policy.

27. Marigsa did not respond to the March 9, 2023 letter.

28. Counsel for North American has also tried to reach Marigsa via telephone and email to obtain her consent to rescind the Policy. Marigsa has not responded to these additional efforts to contact her.

29. Marigsa's refusal to respond to North American's efforts to communicate with her forced North American to file this action.

## COUNT I:
## DECLARATORY JUDGMENT
## (RESCISSION)

30. North American realleges and incorporates by reference paragraphs 7-29 of the Complaint as though fully set forth herein.

31. This claim is brought under 28 U.S.C. § 2201(a), seeking a judicial declaration rescinding the Policy.

32. When Marigsa submitted her life insurance application on April 6, 2021, she represented that she had not been diagnosed or treated for cancer in the preceding ten years.

33. This answer was materially false because she was undergoing evaluation and treatment for chest pains and for cancer the day prior to her application. Marigsa knew that her response was false when she made this representation to North American, as the medical records further reflect.

34. Further, when Marigsa submitted her life insurance application on April 6, 2021, she represented that in the preceding twelve months a medical professional had not advised her to have surgery or any other test or procedure.

35. This answer was materially false because Marigsa had underwent CT testing, blood testing, a CTA angiogram, and an echocardiogram in the days preceding the Application. Marigsa knew that her response was false when she made this representation to North American, as the medical records further reflect.

36. Further, when Marigsa submitted her life insurance application on April 6, 2021, she represented that she was not, at that time, hospitalized.

37. This answer was materially false because she was hospitalized the entirety of April 6, 2021, and therefore was hospitalized at the time she submitted the application. Marigsa knew that her response was false when she made this representation to North American, as the medical records further reflect.

38. Marigsa made each of the misrepresentations and omissions described above with knowledge and belief of the true facts.

39. North American issued the Policy in reasonable and justifiable reliance upon the truth and accuracy of Marigsa's answers and representations in the Application.

40. Each of the misrepresentations and omissions described above was, separately and independently, material to North American's decision to issue the Policy.

41. As to each question in the Application in response to which Marigsa misrepresented or omitted information as described above, separately and independently, had Marigsa provided accurate and complete information, North American would not have issued the Policy to Marigsa.

42. Accordingly, North American is entitled to a declaration rescinding the Policy.

43. North American has advised Marigsa that it would refund the premiums paid for the Policy, with interest, upon her consent to rescission. North American renews this tender of the premium refund, with interest, and stands ready to deposit this premium refund (with interest) with the Clerk of Courts, upon direction from this Court.

## COUNT II:
## DECLARATORY JUDGMENT
## (FAILURE OF CONDITION PRECEDENT)

44. North American realleges and incorporates by reference paragraphs 7-29 of the Complaint as though fully set forth herein.

45. Pursuant to 28 U.S.C. § 2201(a), North American seeks a judicial declaration that the Policy never took effect due to the failure of the condition precedent contained in the Effective Date clause.

46. Separately and independently of North American's right to rescind the Policy based on material misrepresentations in the Application, no valid contract of insurance was ever in effect due to the failure of the contractual condition precedent contained in the Effective Date clause in the Application.

47. Specifically, Marigsa was not, and since the date of the Application never has been, in the state of health described in the Application, in the ways described above.

48. North American previously advised Marigsa that it would refund the premiums paid for the Policy, with interest. North American renews this tender of the premium refund, with interest, and stands ready to deposit this premium refund (with interest) with the Clerk of Courts, upon direction from this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff North American prays for judgment as follows:

      a.      With respect to Count I, a judicial declaration that the Policy is rescinded and void, extinguishing all rights, entitlements, and benefits that would otherwise have been available to Marigsa or otherwise payable to any beneficiary;

      b.      With respect to Count II, a judicial declaration that no valid contract ever went into effect and that no coverage ever became effective due to the failure of a contractual condition precedent, such that no rights, entitlements, or benefits are available to Marigsa or payable to any beneficiary; and

      c.      Any other or further relief the Court deems equitable, just and proper.

Respectfully submitted this 4th day of April 2023.

                                                      */s/ Brett J. Preston*
                                                      Brett J. Preston (FBN: 603716)
                                                      brett.preston@hwhlaw.com
                                                      michelle.armstrong@hwhlaw.com
                                                      Fred C. Marshall, II (FBN: 119284)
                                                      kip.marshall@hwhlaw.com
                                                      val.taylor@hwhlaw.com
                                                      HILL, WARD & HENDERSON, P.A.
                                                      101 E Kennedy Blvd., Suite 3700
                                                      Post Office Box 2231
                                                      Tampa, Florida 33601
                                                      (813) 221-3900 (Telephone)
                                                      (813) 221-2900 (Facsimile)
                                                      *Attorneys for North American*
                                                      *Company for Life and Health Insurance*